UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

KEVIN LEWIS,                                                     :
                                                                :
                                      Petitioner,               :
                                                                :
                           -against-                            :
                                                                :
UNITED STATES OF AMERICA,                                       :
                                                                :
                                      Respondent.               :
                                                                :
------------------------------------------------------------------- X

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____             │
│ DATE FILED:  10/27/22                │
└─────────────────────────────────────┘
```

22-CV-7777 (GHW)

16-CR-0396-9 (GHW)

<u>ORDER</u>

GREGORY H. WOODS, United States District Judge:

Petitioner Kevin Lewis ("Lewis"), who is currently incarcerated at USP Canaan in Waymart, Pennsylvania, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the legality of his 109-month sentence entered in *United States v. Lewis*, No. 16-cr-0396-9 (S.D.N.Y. Oct. 18, 2017). Lewis originally filed his petition in the United States District Court for the Middle District of Pennsylvania, but on September 6, 2022, the Middle District transferred the action to this court. *See United States v. Lewis*, No. 16-cr-396-9, 9 (GHW). As the sentencing judge in the criminal action, this new action was assigned to the Court.

As explained below, the Court: (1) recharacterizes the petition as brought under 28 U.S.C. § 2255, the vehicle to challenge the legality of a federal sentence; (2) provides Lewis with the opportunity to withdraw the motion, *see Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam); and (3) directs Lewis to show cause why the motion should not be denied as time barred.

## I.  BACKGROUND

On October 18, 2017, the Court sentenced Lewis to 109 months' incarceration, following his guilty plea to conspiracy to distribute and possess with the intent to distribute cocaine base. *See*

*Lewis*, 1:16-cr-396-9, Dkt. No. 516.  At sentencing, the Court concluded that the career offender guideline, *see* U.S.S.G. § 4B1.1,[1] applied because Lewis previously had been convicted of two "crimes-of-violence"—a May 2008 New York County conviction for second-degree attempted robbery and an August 2015 Bronx County conviction for third-degree attempted robbery.  *Id.*, Dkt. No. 550, at 5.  Lewis did not appeal his judgment of conviction or collaterally challenge his sentence in a motion brought under § 2255.

On August 1, 2022, Lewis filed a § 2241 petition in the Middle District of Pennsylvania, arguing that § 2255 is inadequate or ineffective to challenge the legality of his sentence.  As such, he argues, he would like to challenge his sentence in a § 2241 petition, and submits that § 2255(e) permits him to do so.  He specifically argues that under new federal case law his two crimes-of-violence convictions that triggered the application of the career offender guideline are no longer considered crimes-of-violence.  Lewis approaches this argument on two fronts.  First, he claims that the United States Court of Appeals for the Second Circuit has held that attempted robberies no longer fall within the crime-of-violence category under the career offender guideline, and therefore, the guideline no longer applies in his case.  Second, relying on a case in which the United States Supreme Court is yet to hear arguments, *see Jones v. Hendrix*, No. 21-857 (docketed Dec. 9, 2021), Lewis argues that he "may apply for habeas relief under 28 U.S.C. § 2241 after the Supreme Court later makes clear in a retroactively applicable decision that the circuit precedent was wrong and that they are legally innocent of the crime of conviction."  *Lewis*, No. 1:16-cr-396-9, Dkt. No. 2 at 70.

The Middle District of Pennsylvania held that Lewis could not challenge his sentence under § 2241 because he asserted only that the career offender guideline no longer applied, not that he

---

[1] "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).

now was legally innocent of the crime of conviction.  The Middle District also held that § 2255 was the proper vehicle to challenge the sentence, and that it should be challenged in the court of conviction.  Based on this reasoning, the Middle District transferred the action to this court, and the court's Clerk's Office opened the action as a 28 U.S.C. § 2241 proceeding.

## II.  DISCUSSION

### A.      Designation of Application as Motion Under 28 U.S.C. § 2255

As explained below, Lewis's petition must be construed as a motion for relief under 28 U.S.C. § 2255.  *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence").  The savings clause in § 2255(e) is not applicable here because § 2255 is neither inadequate nor ineffective.  As § 2255(e) does not apply in this case, Lewis may not challenge his sentence under § 2241.

#### 1.      The Savings Clause

In limited circumstances, a petitioner may bring a § 2241 petition under the savings clause if a § 2255 motion "is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003).  Such circumstances generally occur when § 2255 is unavailable *and* "the failure to allow for collateral review would raise serious constitutional questions."  *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997).  Serious constitutional questions are triggered if a petitioner can show actual innocence and that he could not have raised the claim of innocence previously.  *Dhinsa v. Krueger*, 917 F.3d 70, 81 (2d Cir. 2019) (citing *Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003)).

Although federal prisoners may utilize the savings clause to collaterally attack a sentence when § 2255 is unavailable, the savings clause does not permit an end run around § 2255 whenever a petitioner cannot satisfy the procedural requirements contained in § 2255.  *Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) ("[Section] 2255 is not inadequate or ineffective simply because the

prisoner cannot meet [§ 2255's] gate-keeping requirements, so long as the claim the prisoner seeks to raise was previously available to him on direct appeal or in a prior § 2255 petition.").

### 2.    The Savings Clause Does Not Apply Here

Lewis argues that § 2255 is inadequate and ineffective because Second Circuit case law, allegedly decided after his sentencing—as well as an undecided Supreme Court decision—calls into question the Court's application of the career offender guideline during Lewis's sentencing.  His argument, however, fails for three reasons.

First, Lewis cannot show that § 2255 is unavailable to raise this claim.  Section 2255 is actually available to Lewis, as he has not filed a prior § 2255 motion.  While such a motion would be untimely under § 2255(f)—the subsection of § 2255 that addresses the one-year statute of limitations—the failure to satisfy this gate-keeping requirement does not render § 2255 unavailable. *See Adams*, 372 F.3d at 135.

Second, even if Lewis could show that § 2255 is unavailable to him, he cannot show that he is actually innocent.  His assertion that the two attempted robbery offenses no longer support a finding that the career offender guideline applies is not relevant to the savings clause inquiry of actual innocence because he must show that he is *innocent* of those offenses, which is not the basis of his argument.  *Poindexter*, 333 F.3d at 82 ("[W]hatever the merit of the contention that the Guidelines were misapplied in the treatment of Poindexter's three undisputed prior convictions, his claim that the three crimes should have been treated as one crime is not cognizable as a claim of actual innocence."); *see also Darby v. United States*, 508 F. App'x 69, 71 (2d Cir. 2013) (summary order) (holding that "legal argument that [petitioner] is innocent of the sentencing enhancement because the district court misclassified his predicate offenses . . . is insufficient to trigger the actual innocence exception").

Third, Second Circuit case law does not support Lewis's claim that the career offender guideline no longer applies because his prior attempted robbery convictions are not crimes of violence, as the Second Circuit expressly held that attempted robbery in any degree qualifies as a crime of violence:

> In short, we conclude that 'robbery' as it is defined in N.Y. Penal Law § 160.00, qualifies as a 'crime of violence' under the 'force clause' of application note 1(B)(iii) to Section 2L1.2 of the 2014 Guidelines. Because that definition of robbery—forcible stealing—is common to all degrees of robbery under New York law, we hold that robbery in any degree is a crime of violence under the "force clause" of application note 1(B)(iii) to Section 2L1.2 of the 2014 Guidelines. We also hold that attempted robbery under New York law is a "crime of violence" under the "force clause."

*United States v. Pereira-Gomez*, 903 F.3d 155, 166 (2d Cir. 2018);[2] *see also United States v. Moore*, 916 F.3d 231, 240 (2d Cir. 2019) ("We hold that New York robbery in the third degree is categorically a crime of violence under the force clause of U.S.S.G. § 4B1.2(a)(1)," the career offender guideline.); *United States v. Dupree*, 767 F. App'x 181, 185–86 (2d Cir. 2019) (summary order) (finding that "prior felonies for second-degree New York robbery do constitute crimes of violence under the force clause of U.S.S.G. § 2K2.1," and that "the fact that Dupree's convictions were for attempted robbery is inconsequential").

Because Lewis fails to show that § 2255 is unavailable and that he is actually innocent of the offenses that were used to support his sentencing enhancement, he may not challenge his conviction under § 2241.

**B.      The Court Recharacterizes This § 2241 Petition As a Motion Brought Under § 2255**

Before proceeding with this action, the Court notifies Lewis that the submission is being recharacterized as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003); *Adams v.*

---

[2] Commentary Note 1 to U.S.S.G. § 2K2.1 notes that "crime of violence" has the meaning given that term in U.S.S.G. § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.

*United States*, 155 F.3d 582, 584 (2d Cir. 1998) (per curiam).  If Lewis does not want to pursue relief under § 2255, he may notify the Court in writing within 60 days that he wishes to withdraw the application.  If Lewis does not inform the Court of his intent within 60 days, the application will remain designated as a motion under 28 U.S.C. § 2255.

### C.    Applicable Statute of Limitations

As noted above, the Court has determined that this motion is untimely.  Lewis had one year from the following four benchmark dates to file this motion, that is, when:  (1) the judgment of conviction becomes final; (2) a government-created impediment to making such a motion is removed; (3) the right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; *or* (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence.[3]  *See* 28 U.S.C. § 2255(f).

Here, Lewis had one year from the date his conviction became final to file his motion.  His conviction became final on October 31, 2017, when the 14-day period to file a notice of appeal expired.  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.").  Accordingly, the time to file this motion expired on October 31, 2018.  The Middle District of Pennsylvania received the motion on August 1, 2022, nearly four years later.

### D.    Order to Show Cause

The Court grants Lewis leave, should he decide to pursue *habeas corpus* relief under § 2255, to show cause within 60 days why this application should not be denied as time barred.  Lewis should allege any facts that show that he has been pursuing his rights diligently and that some extraordinary

---

[3] If a federal prisoner seeks to challenge his sentence in an untimely § 2255 motion, and possesses "a credible and compelling showing of actual innocence . . . [that] warrants an equitable exception to AEDPA's limitation period," such a petitioner is permitted "to have his otherwise time-barred claims heard by a federal court."  *Rivas v. Fischer*, 687 F.3d 514, 518 (2d Cir. 2012).  As discussed above, Lewis does not claim actual innocence.

circumstance prevented him from timely submitting this motion.  *See Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001) (holding that extraordinary circumstances may warrant tolling the statute of limitations for § 2255 motions).

### III. CONCLUSION

Lewis's application is construed as a motion under 28 U.S.C. § 2255.  Within 60 days of the date of this order, Lewis must either notify the Court in writing if he wishes to withdraw the motion, or, if Lewis chooses not to withdraw his motion, file a declaration showing cause why the motion should not be denied as time barred.  For Lewis's convenience, a declaration form is attached to this order.  If Lewis files a declaration within the time allowed, the Court will review it, and if proper, order that the motion be served on Respondent.  If Lewis fails to comply with this order, and cannot show good cause to excuse such failure, the motion will be denied as time barred. No answer will be required at this time.

The Court directs the Clerk of Court to change the nature of suit for this action to "510 Motions to Vacate Sentence 28 USC 2255."  The Court also directs the Clerk of Court to terminate Lewis's motion for leave to proceed *in forma pauperis* because a filing fee is not required.  *See* Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Advisory Committee Notes to the 1976 Adoption.

Because Lewis has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  October 27, 2022
       New York, New York

_____
GREGORY H. WOODS
United States District Judge